J-A13034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN C. PESCI | : | |
| | : | |
| Appellant | : | No. 1499 WDA 2025 |

Appeal from the Judgment of Sentence Entered October 28, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-SA-0000333-2024

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:              **FILED:  August 4, 2026**

John C. Pesci ("Appellant") appeals *pro se* from the judgment of sentence imposed following his convictions for several summary traffic offenses.  Due to the deficiencies in his appellate brief, we dismiss the appeal.

The trial court presented the facts of this case as follows:

Following a traffic stop on October 10, 2024, in the City of Greensburg, Westmoreland County, PA, by Greensburg Police Officer William Newmyer, [Appellant] was issued citations for the following violations of the Motor Vehicle Code:  75 Pa.C.S. § 1301(a), Registration and Certificate of Title Required, for operating a vehicle with an expired registration; 75 Pa.C.S. § 4703(a), Operation of Vehicle without Official Certificate of Inspection, for operating a vehicle with an expired inspection; 75 Pa.C.S. § 4706(c)(5), Prohibition on Expenditures for Emission Inspection Program, for operating a vehicle without a certificate of emissions inspection; 75 Pa.C.S. § 4701, Duty to Comply with Inspection Laws, for failure to comply with the duty to submit a vehicle for inspection as required; 75 Pa.C.S. § 1101(a), Certificate of Title Required, for operating a vehicle that was not titled; 75 Pa.C.S. § 1311(b), Registration Card to be Signed and Exhibited on Demand, for operating a vehicle while not in

possession of registration card; and 75 Pa.C.S. § 1372(3), Unauthorized Transfer or Use of Registration, for displaying registration plate or card in or on a vehicle for which it was not issued.

A hearing was conducted before Magisterial District Judge Chris Flanigan on December 10, 2024 and [Appellant] was found guilty on all citations. [Appellant] filed a summary appeal of those convictions on December 12, 2024. Following a series of continuances, a summary appeal hearing was scheduled and held before this [c]ourt on October 28, 2025.

Trial Court Opinion ("TCO"), 1/9/26, at 1-2. At the conclusion of the summary trial, the court found Appellant not guilty for two of the summary convictions: 75 Pa.C.S. § 4701 – duty to comply with inspection laws; and 75 Pa.C.S. § 1101, failure to have a valid certificate of title. The trial court convicted Appellant at all remaining counts. The court then imposed $190.00 in fines. **See** Sentencing Order, 10/28/25. Appellant filed a timely notice of appeal to this Court on November 20, 2025. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[1]

Appellant's *pro se* brief is difficult to comprehend. In this vein, we note that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of ... Court." **Commonwealth v. Lyons**,

---

[1] We briefly address Appellant's *pro se* status. The assistance of counsel in a summary case is not guaranteed; "there is no right to counsel where the only sentence provided for in a summary violation is a fine and costs." **Commonwealth v. Long**, 688 A.2d 198, 201 (Pa. Super. 1996).

833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted); ***see also Commonwealth v. Snyder***, 316 A.3d 178, 181 (Pa. Super. 2024) ("*pro se* defendants are subject to the same rules of procedure as are represented defendants"). "[A]ny person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted). With this background, we consider Appellant's claims.

Appellant raises six issues on appeal, which we set forth here *verbatim*:

1. Whether the Court of Common Pleas of Westmoreland County erred as a matter of law and abused its discretion by failing to address, analyze, or rule upon the issues raised in Appellant's written brief filed January 20, 2025, thereby frustrating meaningful appellate review?

2. Whether the Court of Common Pleas committed reversible error by leaving the basis of its October 28, 2024 [*sic*][2] order unknown?

3. Whether the lower courts violated Appellant's due-process rights by allowing procedural defects, including abandonment of the courtroom by the Magisterial District Judge and refusal to consider properly submitted evidence and legal argument, to stand unremedied?

---

[2] Appellant asserts that the Sentencing Order in his case is improperly dated "October 28, 2024" instead of "October 28, 2025," and this invalidates his conviction. This is not correct, as an obvious typographical error such as this does not amount to a substantive defect in the judgment of sentence. ***See Commonwealth v. Kramer***, 566 A.2d 882, 884 (Pa. Super. 1989) (typographical error in date in one area of an affidavit of probable cause, when the date was correct in other places, was not a substantive defect and not prejudicial).

4.      Whether the Court of Common Pleas erred by failing to address jurisdictional defects in the underlying proceedings, including requirements under the Pennsylvania Rules of Criminal Procedure?

5.      Whether the trial court erred in failing to consider the legality of the seizure of Appellant's property under 75 Pa.C.S. § 1334.1, where the seizure did not comply with statutory requirements?

6.      Whether the cumulative effect of the lower court's failure to address Appellant's written brief and the procedural and legal errors constitutes an abuse of discretion requiring review and correction by the Superior Court of Pennsylvania?

Appellant's Brief at 7-8.

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." ***Commonwealth v. Devilbiss***, 351 A.3d 272, 274 (Pa. Super. 2026) (citation omitted). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Id***. (citation omitted). Moreover, because Appellant received a trial *de novo* in the Court of Common Pleas, his appellate claims must be directed to error occurring in that proceeding, not merely to alleged defects in the magisterial district court proceedings, which are immaterial to this appeal. ***See*** Pa.R.Crim.P. 462(A); ***Commonwealth v. Perfetto***, 207 A.3d 812, 821 (Pa. 2019) (explaining that a Rule 462(A) trial *de novo* provides for a new trial on the entire case, conducted as if no trial had occurred before the magisterial district court).

While Appellant claims to raise six different issues, his brief fails to comport with our Rules of Appellate Procedure, which requires the argument

section of an appellate brief be "divided into as many parts as there are questions to be argued… followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Appellant's brief primarily discusses, without case support, the court's alleged improper use of "presumptions" which, he maintains, disenfranchised him by denying the rights of due process of law and equal protection of law. Appellant's Brief at 12-15. Appellant asks this Court to remand his case back to the trial court such that it can address Appellant's claims. *Id.* at 16.

We note that Appellant's arguments are wholly undeveloped. While he asserts as his first issue that the trial court erred by not addressing the arguments raised in his summary appeal, his brief to this Court does not actually present any of these arguments with pertinent case law or statutory authority. In fact, the argument portion of Appellant's brief contains just one citation, to a case involving the crime of homicide by vehicle while under the influence,[3] which is wholly inapt to Appellant's situation.

"[W]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Wright***, 314 A.3d 515, 523 (Pa. Super. 2024). "Accordingly, where an appellant fails to provide any discussion of his issue on appeal, or case law supporting his right to relief, this Court will not address the issue on appeal." ***Id.*** The review of Appellant's

---

[3] Appellant confusingly cited to ***Commonwealth v. Seibert***, 799 A.2d 54 (Pa. Super. 2002).

judgment of sentence is hampered by the deficiencies in his brief. Thus, we must dismiss this appeal. ***Id.***

Even if we opted to address Appellant's claims, he has not established that the trial court committed an error of law or abused its discretion in this case. After review, we discern that "Exhibit C" of Appellant's brief is the document which Appellant contends sets forth the legal arguments that were never addressed in the lower court.[4]

Exhibit C allegedly supports Appellant's claim that he is not required to register his motor vehicle with the state because he is a "state national." Therein, Appellant contends that "these proceedings shall be governed by Maxims of Equity and the first sixty sections of Gibson."[5] Notably, Appellant's claims appear to have been adopted from the "sovereign citizen" movement.[6]

---

[4] To the extent Appellant attempts to develop his claims for appeal by merely attaching Exhibit C and relying on the arguments contained therein, we note that this approach does not satisfy Rule 2119(a). An appellant may not incorporate by reference arguments contained in another filing or exhibit and thereby avoid the obligation to properly develop the claim in the argument section of his appellate brief. ***See Commonwealth v. Briggs***, 12 A.3d 291, 342 (Pa. 2011) (holding that an appellant in a capital case may not merely attach a brief authored by an attorney in an unrelated case to argue that the death penalty was unconstitutional, as such is "an unacceptable manner of appellate advocacy"). Thus, Appellant's act of merely attaching Exhibit C to his brief cannot cure the absence of any developed appellate argument.

[5] Appellant cites to "20 Maxims of Equity; from Gibson's Suits in Chancery." The current volume of this treatise discusses Tennessee Chancery Courts and has no obvious relevance to the Pennsylvania Vehicle Code.

[6] While Appellant never uses the nomenclature of "sovereign citizen," he appears to argue in Exhibit C that the traffic stop was invalid because citizens
*(Footnote Continued Next Page)*

For example, Appellant's assertion that he was merely "traveling," and therefore not subject to Pennsylvania's Motor Vehicle Code absent proof of commercial activity, is indistinguishable from sovereign-citizen arguments Pennsylvania courts have rejected as frivolous. *See Commonwealth v. Wagner*, 2026 WL 1828650, ___ A.3d ___, (Pa. Super. filed June 25, 2026) (deeming argument that a "traffic stop was per se invalid on the basis that citizens have a right to engage in 'non-commercial' travel which may not be regulated by the States" was frivolous); *Commonwealth v. McGarry*, 172 A.3d 60, 66 (Pa. Super. 2017) (*citing Charlotte v. Hansen*, 433 Fed.Appx. 660, 661 (10th Cir. 2011) ("an individual's belief that her status as a sovereign citizen puts her beyond the jurisdiction of the courts has no conceivable validity in American law.")).

Appellant's theories are similarly confusing and barred by precedent. In short, the arguments contained within Exhibit C do not set forth any basis for relief. Thus, had we considered the merits of Appellant's claims on appeal, we would have found that he had failed to establish error on the part of the trial court.

---

have the right to engage in non-commercial travel which may not be regulated by the states. His conclusion in Exhibit C states, "Because there is no allegation that Appellant is engaged in commerce and subject to the statutes cited, that is failure to state a claim upon which relief can be granted. … Traveling is a PERSONAL use NOT a BUSINESS use! There was/is no manifest for passengers. There was/is no manifest for goods. Moreover, to charge someone criminally for exercising a right is to commit a crime." Exhibit C at p. 8, attached to Appellant's Brief. These arguments are typical in claims raised by devotees of the sovereign citizen movement.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>8/4/2026</u>